UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN WAYNE ALLEN, § | |
| #02834684, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. H-16-1843 |
| § | |
| HARDIN COUNTY, TEXAS, § | |
| § | |
| Respondent. | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner, Brian Wayne Allen (#02834684), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner proceeds *pro se* and has submitted an application to proceed *in forma pauperis*. After reviewing the pleadings and the applicable law, the Court concludes that this case must be dismissed for the reasons set forth briefly below.

**I.    Background**

According to the petition, Petitioner is currently in custody at the Harris County Jail where he is awaiting trial in state court cause number 1497224 in the 263rd District Court for Harris County, Texas, for the unauthorized use of a motor vehicle. Docket Entry No. 1 at 6. Petitioner has been confined since February 1, 2016. *Id.*

In his petition for habeas corpus, Petitioner asserts that he has been subjected to double jeopardy because the Silsbee Police Department has also filed charges against him for "theft of a vehicle" in connection with the same vehicle as is the subject of the charges in Harris County. *Id.* at 7. He also alleges that he has been subjected to excessive bail, police tampering with evidence, threats, and retaliation, in connection with the charges that have been filed against him. *Id.* at 7-8. He discloses that he has not appealed the court decisions (if any), filed grievances, or

sought administrative remedies in state court to address the above-mentioned pre-trial issues. *Id.* at 6-8 (indicating that petitioner has not presented any of the grounds for relief in all appeals available to him).

## II.    Exhaustion of Remedies

A state pretrial detainee may seek a federal writ of habeas corpus under 28 U.S.C. § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973).  Although Petitioner meets the first prerequisite for review because he alleges he is presently confined in Harris County Jail, he does not meet the second criteria because it is apparent from the pleadings that he has not exhausted available state court remedies before seeking relief in federal court.

It is well established that a state prisoner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (citations omitted).  "The purpose of exhaustion 'is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court.'" *Ruiz v. Quarterman*, 460 F.3d 638, 642-643 (5th Cir. 2006) (quoting *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the

applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition). In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. § 11.08 (Vernon 2003). If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)).

Petitioner discloses that he has not filed motions to address his issues in state court and that he has not appealed any state rulings by seeking review by the Texas Court of Criminal Appeals. *See* Docket Entry No. 1 at 6-8. Thus, Petitioner has not exhausted available state court remedies, and Petitioner does not otherwise show that exceptional circumstances are present or that federal court intervention is warranted. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Accordingly, the pending federal habeas petition must be dismissed without prejudice for lack of exhaustion.

**III. Certificate of Appealability**

A certificate of appealability from a habeas corpus proceeding will not issue unless the

petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Order on Dismissal, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

IV. **Conclusion and Order**

1. Petitioner's Motion to Proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. This action is **DISMISSED** without prejudice, for lack of exhaustion.

3. A certificate of appealability is **DENIED**.

4. All other pending motions, if any, are **DENIED**.

The Clerk shall send a copy to the parties.

SIGNED at Houston, Texas, this 30th day of June, 2016.

                                      MELINDA HARMON
                              UNITED STATES DISTRICT JUDGE